IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES ETIENNE, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF CHICAGO and CHICAGO POLICE OFFICER R. RODRIQUEZ (#12157), CHICAGO POLICE OFFICER LUKASZ MURZANSKI (#9407) <br><br> Defendants. | Case No: <br><br> Judge: <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff JAMES ETIENNE, by and through his undersigned counsel at First Defense Legal Aid, brings this Complaint against Defendants CITY OF CHICAGO, CHICAGO POLICE OFFICER R. RODRIQUEZ (#12157), and CHICAGO POLICE OFFICER LUKASZ MURZANSKI (#9407), and in support thereof states as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. §1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

2. On February 21, 2020, Plaintiff James Etienne, was arrested by Chicago Police Officer R. Rodriquez (#12157) and Chicago Police Officer Lukasz Murzanski (#9407) following a traffic stop.

3. Defendant Officers arrested Mr. Etienne without probable cause and caused Mr. Etienne's vehicle to be unreasonably seized.

4. Mr. Etienne was taken to the station and held for approximately three hours and released, however, he remained without his vehicle for three days.

5. Defendant Officers' actions violated of Mr. Etienne's constitutional rights and dignity, and he now seeks justice.

## JURISDICTION AND VENUE

6. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); and the Constitution of the United States. Further, this Court has supplemental jurisdiction under 28 U.S.C. §1367(a) over claims arising under Illinois state law.

7. Venue is appropriate under §28 U.S.C. §1391(b), as all defendants reside in this judicial district. In addition, a substantial part of the events giving rise to this claim occurred in this judicial district.

## PARTIES

8. Plaintiff JAMES ETIENNE ("Plaintiff" or "Mr. Etienne") is a United States Citizen who at all times mentioned herein resided in the Northern District of Illinois.

9. Defendant CITY OF CHICAGO is, and at all times mentioned herein was, a municipality organized and operating under the statutes of the State of Illinois. It is authorized under the statutes of the State of Illinois to maintain the Chicago Police Department, which acts as the City's agent in the areas of municipal law enforcement and for which the City is ultimately responsible. Defendant City was at all times material to this Complaint the employer and principal of the Officer Defendants.

10. DEFENDANT OFFICER R. RODRIQUEZ (#12157) was at all times relevant to this Complaint a duly appointed and sworn law enforcement officer of the CITY OF CHICAGO, which was and is his principal and employer.

11. DEFENDANT OFFICER LUKASZ MURZANSKI (#9407) was at all times relevant to this Complaint a duly appointed and sworn law enforcement officer of the CITY OF CHICAGO, which was and is his principal and employer.

12. At all times relevant herein, DEFENDANT OFFICERS were acting in the scope of their employment and under color of state law.

13. DEFENDANT OFFICERS are sued in their individual capacities.

## FACTS

14. On February 21, 2020, Plaintiff James Etienne was pulled over by Defendant Officers.

15. Defendant Rodriquez had, at that point, stopped Mr. Etienne, who is Black, multiple times prior to February 21, 2020, on one occasion relaying a baseless and inflammatory concern about "drug dealing" in the neighborhood.

16. Defendant Rodriquez was aware Mr. Etienne was a delivery driver by virtue of these prior interactions.

17. Defendant Rodriquez was aware that Plaintiff was a licensed driver by virtue of these prior interactions.

18. On one of these earlier stops, Officer Rodriquez reviewed documentation from the Illinois Secretary of State indicating that Mr. Etienne's license was not suspended, and did not at that time arrest him or tow his vehicle.

19. During the February 21, 2020 stop, Defendant Officer Murzanski asked for Plaintiff's license, registration, and insurance.

3

20. Prior to Officer Murzanski's running Mr. Etienne's license, Officer Rodriquez stated that he would "need a TVB transport," on information and belief, a Traffic Violation Bond, evincing his decision that he would charge and arrest Mr. Etienne without any verification of any relevant facts regarding the status of his license, registration, or insurance.

21. Mr. Etienne provided Defendant Murzanski with his license and registration, and was retrieving his insurance when Defendant Officers approached Mr. Etienne, took him from the vehicle, handcuffed him, and told him he was driving on a suspended license.

22. Mr. Etienne informed Defendant Officers that he had completed all necessary steps related to prior payment of red light tickets such that his license was clear and in good standing. He offered to show officers documentation from the Secretary of State to this effect, but they refused, and told him that his license was suspended in their system.

23. Defendant Officers agreed among themselves to arrest Mr. Etienne and tow his car regardless of the actual status of his license, as evidenced by their cooperation and coordination in his arrest and joint failure to review the clarifying Secretary of State documentation.

24. Mr. Etienne was taken to a police station, where he sat for nearly three hours until Defendant Rodriquez decided to examine his documentation.

25. Once Defendant Rodriquez realized that Mr. Etienne's license and other documentation was valid, instead of correcting his unreasonable earlier action, he simply told Mr. Etienne that he would "not show up to court."

26. Defendant Rodriquez told Mr. Etienne that he "had to arrest him," because otherwise his supervisor would question why the encounter took so long.

27. Multiple officers apologized to Mr. Etienne at the police station, but Defendant Rodriquez was unrepentant.

28. Mr. Etienne was forced to pay a $125.00 bond prior to his release from the police station and was unable to retrieve his vehicle until February 25, 2020, approximately three days after the incident.

29. The ticket for Driving on a Suspended License was dismissed on February 25, 2020 with a finding of "No Probable Cause."

30. Months earlier, Mr. Etienne had been stopped by a Highland Park police officer, who reviewed the Secretary of State documentation, as Defendant Officers refused to do on February 21, 2020, and concluded that his license was not in fact suspended.

31. This prior stop evinces that a reasonable officer knew or should have known that arrest for a non-operative license suspension was unreasonable.

32. Defendant Officers knew or should have known that there was no probable cause to arrest Plaintiff and seize his vehicle, but they did so anyway, in violation of Mr. Etienne's civil rights.

33. Mr. Etienne was forced to miss work as a result of the Defendant's actions, losing wages, and similarly had to pay to retrieve the vehicle from the tow yard.

34. As a direct and proximate cause of the acts and omissions of Defendant Officers, Mr. Etienne suffered damages including but not limited to loss of liberty, emotional distress, lost wages, humiliation, and loss of property.

### COUNT I: 42 U.S.C. §1983 - FALSE ARREST
### Against Defendant Officers
### (Federal Claim)

35. Plaintiff realleges paragraphs 1-34 as though fully set forth herein.

5

36. The actions of the Defendant Officers described above, whereby they arrested Plaintiff without probable cause, violated his Fourth Amendment right to be free from unlawful seizure.

37. Defendant Officers did not have reasonable suspicion or probable cause to believe that Plaintiff had committed the offense of driving on a suspended license.

38. In fact, Defendant Officer Rodriquez, fully aware that Mr. Etienne was innocent of the offense of driving on a suspended license, told him that he "had to" baselessly arrest and charge him to avoid scrutiny from his supervisor.

39. The actions of the Defendant Officers were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Mr. Etienne's rights.

40. As a result of this false arrest, Mr. Etienne's suffered injury, including but not limited to loss of liberty, emotional distress, humiliation, lost wages, and loss of property.

WHEREFORE, Plaintiff JAMES ETIENNE demands judgment against DEFENDANT OFFICERS for compensatory and punitive damages, the costs of this action, and reasonable attorneys' fees, and for any other relief this Honorable Court deems equitable and just.

### COUNT II: 42 U.S.C. §1983 - WRONGFUL SEIZURE OF PROPERTY
### Against Defendant Officers
### (Federal Claim)

41. Plaintiff realleges paragraphs 1-34 as though fully set forth herein.

42. The actions of Defendant Officers described above, whereby they seized Mr. Etienne's vehicle without probable cause, violated his Fourth Amendment right to be free from unreasonable searches and seizures.

6

43. Defendant Officers did not have reasonable suspicion or probable cause to believe that Mr. Etienne had committed, was committing, or was about to commit any offense for which impoundment of a vehicle was lawful.

44. Defendants' refusal to examine paperwork illustrating that Mr. Etienne's license was not suspended was objectively unreasonable and a failure to investigate as required by law.

45. The actions of the Defendant Officers were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Mr. Etienne's rights.

46. As a result of this illegal seizure, Mr. Etienne suffered numerous injuries, including but not limited to financial loss, emotional distress, humiliation, anguish, and loss of property.

WHEREFORE, Plaintiff JAMES ETIENNE, demands judgment against DEFENDANT OFFICERS for compensatory and punitive damages, the costs of this action, and reasonable attorneys' fees, and for any other relief this Honorable Court deems equitable and just.

### COUNT III: 42 U.S.C. 1983 and 1985 – CIVIL CONSPIRACY
### Against Defendant Officers
### (Federal Claim)

47. Plaintiff realleges paragraphs 1-34 as though fully set forth herein.

48. Defendant Officers expressly or impliedly formed an agreement to unlawfully arrest Mr. Etienne and seize his vehicle, in violation of his constitutional rights, on February 21, 2020.

49. In furtherance of this conspiracy, Defendants took the overt acts of preparing paperwork, transporting Mr. Etienne to the police station in handcuffs, refusing to examine his driving documentation from the Secretary of State, and impounding his vehicle.

50. Defendants' expressly or impliedly agreed-upon arrest and impoundment constitute a violation of Mr. Etienne's Fourth Amendment rights.

51. The misconduct described in this Count was objectively unreasonable and was undertaken willfully and wantonly with reckless disregard for the rights and safety of Mr. Etienne.

52. As a result of this conspiracy to deprive Mr. Etienne of his constitutional rights, Mr. Etienne suffered numerous injuries, including but not limited to financial loss, emotional distress, humiliation, anguish, and loss of property.

WHEREFORE, Plaintiff JAMES ETIENNE, demands judgment against DEFENDANT OFFICERS for compensatory and punitive damages, the costs of this action, and reasonable attorneys' fees, and for any other relief this Honorable Court deems equitable and just.

### COUNT IV: 745 ILCS 10/9-102 - INDEMNIFICATION
### Against Defendant City of Chicago
### (State Law Claim)

53. Plaintiff realleges paragraphs 1-34 as though fully set forth herein.

54. Defendant City of Chicago is the employer of Defendant Officers.

55. Defendant Officers committed the acts described above while acting under color of state law, while on duty, and within the scope of their employment at the City of Chicago.

56. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

57. As a proximate cause of the Defendant Officers' unlawful acts, which occurred within the scope of their employment activities, Mr. Etienne suffered injuries.

WHEREFORE, Plaintiff JAMES ETIENNE demands judgement against Defendant CITY OF CHICAGO, pursuant to 745 ILCS 10/9-102, for compensatory damages, reasonable attorney's fees, costs, and for any other such relief this Honorable Court deems equitable and just.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

/s/ Daniel E. Massoglia

*One of Plaintiff's Attorneys*

Daniel Massoglia (#6317393)
First Defense Legal Aid
601 S. California Ave.
Chicago, IL 60612
P: 708-797-3066
E: daniel@first-defense.org