IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES ETIENNE, | ) | |
| | ) | 22 C 919 |
| Plaintiff, | ) | |
| | ) | Judge Gary Feinerman |
| v. | ) | |
| | ) | Magistrate Susan E. Cox |
| CITY OF CHICAGO and | ) | |
| CHICAGO POLICE OFFICER | ) | |
| R. RODRIQUEZ (#12157), | ) | |
| CHICAGO POLICE OFFICER | ) | |
| LUKASZ MURZANSKI (#9407) | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT STATUS REPORT**

   **A. Nature of the Case**

    1. Attorneys of record, and lead trial counsel, for each party.

Plaintiff: Daniel Massoglia (lead); Nadia Marie Woods

Defendants: Jessica L. Griff (lead) and Danielle Clayton


    2. Basis for federal jurisdiction.

The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and supplemental jurisdiction for state claims as provided in 42 U.S.C. § 1367(a).

    3. Nature of the claim(s) and any counterclaim(s), including the amount of damages and other relief sought.

Plaintiff brings claims under the Fourth Amendment for false arrest and unlawful seizure of property, as well as a civil conspiracy claim, against the named Defendants. He also brings a state law claim for indemnification against Defendant City. Mr. Etienne's damages are still being calculated and will be determined by a jury. There are no counterclaims.

    4. Whether the defendant will answer the complaint or, alternatively, whether the defendant will otherwise plead to the complaint.

Defendants: Intend on answering the complaint at this time.

5. Principal legal and factual issues.

The principal legal and factual issues are the reasonableness of Defendants' seizure of Plaintiff and his automobile, ownership of the seized automobile, the knowledge possessed by Defendants of the status of Plaintiff's license, the status of Plaintiff's license, the presence or absence of a conspiracy, and the extent of Plaintiff's damages, if any.

6. Which defendants have been served with process, which defendants have not been served, and the status of efforts to effect service on the unserved defendants.

Defendants have been served with process.

**B. Proceedings to Date**

1. Summary of all substantive rulings (including discovery rulings) to date.

There have not been any substantive rulings to date.

2. Description of all pending motions, including date of filing and briefing schedule.

There are no pending motions.

**C. Discovery and Case Plan**

1. Summary of discovery, formal and informal, that has already occurred.

No preliminary discovery has occurred.

2. Whether discovery will encompass electronically stored information, and the parties' plan to ensure that such discovery proceeds appropriately.

The Parties do not anticipate discovery encompassing electronically stored information.

3. Proposed scheduling order.

a) Deadline for Rule 26(a)(1) disclosures, or why Rule 26(a)(1) disclosures are not appropriate.

May 27, 2022

      b) Deadline for issuing written discovery requests.

June 27, 2022

      c) Deadline for completing fact discovery.

October 27, 2022

      d) Whether discovery should proceed in phases.

The parties do not request that discovery proceed in phases.

      e) Whether expert discovery is contemplated and, if so, deadlines for Rule 26(a)(2) disclosures and expert depositions.

The parties do not anticipate expert discovery at this time.

      f) Deadline for amending the pleadings and bringing in other parties.

August 27, 2022

      g) Deadline for filing dispositive motions.

January 14, 2023

    4. Whether there has been a jury demand.

Both parties have made a Jury demand.

    5. Estimated length of trial.

A trial is estimated to last 3-5 days.

  **D. Settlement**

    1. Describe settlement discussions to date and whether those discussions remain ongoing.

>No settlement discussions have occurred.

>2. Whether the parties request a settlement conference.

>The parties do not request a settlement conference at this time.

**E. Magistrate Judge**

>1. Whether the parties consent to proceed before a magistrate judge for all purposes.

The Parties do not unanimously consent to proceed before the magistrate judge.

>2. Any particular matters that already have been referred to the magistrate judge, and the status of those proceedings.

None.


Dated: April 28, 2022

>Respectfully Submitted,

>/s/ Daniel E. Massoglia

>*One of Plaintiff's Attorneys*

Daniel Massoglia
First Defense Legal Aid
601 S. California Ave.
Chicago, IL 60612
P: 708-797-3066
E: daniel@first-defense.org


>BY: /s/ Jessica L. Griff

Jessica Griff, Assistant Corporation Counsel Supervisor
Danielle Clayton, Assistant Corporation Counsel
City of Chicago, Department of Law
2 North LaSalle Street, Suite 420
Chicago, Illinois 60602
312-744-2826 (phone)
Jessica,griff@cityofchicago.org
Attorneys for Defendants

CERTIFICATE OF SERVICE

  I, Daniel Massoglia, an attorney, hereby certify that a copy of this document was filed before 11:59pm on April 29, 2022 using the Court's CM/ECF filing system, which generates electronic notice to all parties of record in the case.

            Respectfully submitted,

                    Daniel Massoglia
                   *One of Plaintiff's Attorneys*

Daniel Massoglia (#6317393)
First Defense Legal Aid
601 S. California Ave.
Chicago, IL 60612
P: 708-797-3066
E: daniel@first-defense.org