**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES ETIENNE, | ) | |
| | ) | 22 C 919 |
| Plaintiff, | ) | |
| | ) | Judge Gary Feinerman |
| v. | ) | |
| | ) | Magistrate Susan E. Cox |
| CITY OF CHICAGO and | ) | |
| CHICAGO POLICE OFFICER | ) | |
| R. RODRIQUEZ (#12157), | ) | |
| CHICAGO POLICE OFFICER | ) | |
| LUKASZ MURZANSKI (#9407) | ) | |
| | ) | |
| Defendants. | ) | |

<u>**DEFENDANTS' ANSWER TO PLAINTIFF JAMES ETIENNE'S COMPLAINT**</u>

Officers R. Rodriguez ("Defendant Rodriguez") and Lukas Murzanski ("Defendant Murzanski"), collectively ("Defendant Officers") by and through one of their attorneys, Jessica Griff, Assistant Corporation Counsel Supervisor, and Defendant City of Chicago ("City"), by and through its attorney, Celia Meza, Corporation Counsel for the City of Chicago, (collectively "Defendants"), submit their Answer, Affirmative Defenses and Jury Demand to Plaintiff's Complaint, stating as follows:

**INTRODUCTION**

1.     This action is brought pursuant to 42 U.S.C.§ to address deprivations of Plaintiff's rights under the Constitution of the United States.

**ANSWER: Defendants admit Plaintiff brings this action pursuant to 42 U.S.C §, but deny any wrongdoing alleged in this paragraph.**

2.     On February 21, 2020, Plaintiff James Etienne, was arrested by Chicago Police Officer R. Rodriguez (#12157) and Chicago Police Officer Lukasz Murzanski (#9407) following a traffic stop.

**ANSWER: Defendants deny the allegations contained in this paragraph are a true and accurate depiction of Plaintiffs actions or interaction with officers.**

1

3.     Defendant Officers arrested Mr. Etienne without probable cause and caused Mr. Etienne's vehicle to be unreasonably seized.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

4.     Mr. Etienne was taken to the station and held for approximately three hours and released, however, he remained without his vehicle for three days.

**ANSWER: Defendants admit Plaintiff was taken to the police station but deny that he was held there for approximately three hours. Defendants lack knowledge as to the remaining allegations contained in this paragraph.**

5.     Defendant Officers' actions violated of Mr. Etienne's constitutional rights and dignity, and he now seeks justice.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

## JURISDICTION AND VENUE

6.     The jurisdiction of the court is invoked pursuant to Civil Rights Act, 42 U.S.C. §1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); and the Constitution of the United States. Further, this Court has supplemental jurisdiction under 28 U.S.C. §1367(a) over claims arising under Illinois state law.

**ANSWER: Defendants admit jurisdiction is proper, but deny any wrongdoing alleged in this paragraph.**

7.     Venue is appropriate under §28 U.S.C. §1391(b), as all defendants reside in this judicial district. In addition, a substantial part of the events giving rise to this claim occurred in this judicial district.

**ANSWER: Defendants admit venue is proper, but deny any wrongdoing alleged in this paragraph.**

## PARTIES

8.     Plaintiff JAMES ETIENNE ("Plaintiff" or "Mr. Etienne") is a United States Citizen who at all times mentioned herein resided in the Northern District of Illinois.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the whether plaintiff is a United States Citizen and lives in the Northern District of Illinois.**

2

9.  Defendant CITY OF CHICAGO is, and at all times mentioned herein was, a municipality organized and operating under the statutes of the State of Illinois. It is authorized under the statues of the State of Illinois to maintain the Chicago Police Department, which acts as the City's agent in the areas of municipal law enforcement and for which the City is ultimately responsible. Defendant City was at all times material to this Complaint the employer and principal of the Officer Defendants.

**ANSWER: Defendants admit that the City is an Illinois municipal corporation and that the Chicago Police Department is an agency within the City of Chicago, that at all times material to this Complaint it was the employer and principal of the Officer Defendants. Answering further, Defendants deny Plaintiff has fully and or accurately stated the law; therefore, Defendants deny the allegations contained in this paragraph.**

10.  DEFENDANT OFFICER R. RODRIQUEZ (#12157) was at all times relevant to this Complaint a duly appointed and sworn law enforcement officer of the CITY OF CHICAGO, which was and is his principal and employer.

**ANSWER: Defendants admit the allegations contained in this paragraph.**

11.  DEFENDANT OFFICER LUKASZ MURZANSKI (#9407) was at all times relevant to this Complaint a duly appointed and sworn law enforcement officer of the CITY OF CHICAGO, which was and is his principal and employer.

**ANSWER: Defendants admit the allegations contained in this paragraph.**

12.  At all times relevant herein, DEFENDANT OFFICERS were acting in the scope of their employment and under color of state law.

**ANSWER: Defendants admit the officers were acting within the scope of their employment and under the color of law, but deny any wrongdoing.**

13.  DEFENDANT OFFICERS are sued in their individual capacities.

**ANSWER: Defendants admit Plaintiff is suing Defendant Officers, Rodriguez and Murzanski, in their individual capacity.**

## FACTS

14.  On February 21, 2020, Plaintiff James Etienne was pulled over by Defendant Officers.

**ANSWER: Defendants admit on February 21, 2020, Plaintiff was pulled over by Defendant Officers.**

15.    Defendant Rodriquez had, at that point, stopped Mr. Etienne, who is Black, multiple times prior to February 21, 2020, on one occasion relaying a baseless and inflammatory concern about "drug dealing" in the neighborhood.

**ANSWER: Defendants City and Rodriguez, admit that Officer Rodriguez stopped Plaintiff prior to February 21, 2020, and lack knowledge or information sufficient to form a belief at to the truth of the allegation that he relied on drug dealing. Defendants City and Rodriguez deny the remaining allegations contained in this paragraph. Defendant Murzanski lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

16.    Defendant Rodriquez was aware Mr. Etienne was a delivery driver by virtue of these prior interactions.

**ANSWER: Defendants City and Rodriguez admit this paragraph. Defendant Murzanski lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph**

17.    Defendant Rodriquez was aware that Plaintiff was a licensed driver by virtue of these prior interactions.

**ANSWER: Defendants City and Rodriguez deny the allegations contained in this paragraph. Defendant Murzanski lacks knowledge as to the truth or falsity of the allegations contained in this paragraph.**

18.    On one of these earlier stops, Officer Rodriquez reviewed documentation from the Illinois Secretary of State indicating that Mr. Etienne's license was not suspended, and did not at that time arrest him or tow his vehicle.

**ANSWER: Defendants City and Officer Rodriguez deny the allegations contained in this paragraph are a true and accurate depiction of Plaintiffs actions or interaction with officers and therefore deny the allegations contained here. Defendant Murzanski lacks knowledge as to the truth or falsity of the allegations contained in this paragraph.**

19.    During the February 21, 2020 stop, Defendant Officer Murzanski asked for Plaintiff's license, registration, and insurance.

**ANSWER: Defendants admit that Officer Murzanski asking for Plaintiff's license and insurance. Defendants deny that Officer Murzanski asked for Plaintiff's registration.**

20.    Prior to Officer Murzanski's running Mr. Etienne's license, Officer Rodriquez stated that he would "need a TVB transport," on information and belief, a Traffic Violation Bond, evincing his decision that he would charge and arrest Mr. Etienne without any verification of any relevant facts regarding the status of his license, registration, or insurance.

**ANSWER: Defendants deny the allegations contained in this paragraph are a true and accurate depiction of Plaintiffs actions or interaction with officers and therefore deny the allegations contained herein.**

21.     Mr. Etienne provided Defendant Murzanski with his license and registration, and was retrieving his insurance when Defendant Officers approached Mr. Etienne, took him from the vehicle, handcuffed him, and told him he was driving on a suspended license.

**ANSWER: Defendants admit Plaintiff provided Officer Murzanski with his license but deny Plaintiff provided Defendant Officers with his registration. Defendants City and Officer Rodriguez lack knowledge as to the truth of the allegations as it relates to Plaintiff's retrieval of his insurance. Defendants City and Rodriguez admit that Plaintiff was helped out of the vehicle, handcuffed, and told he was driving on a suspended license. Defendant Murzanski denies that he personally ordered helped Plaintiff out of the car or handcuffed him.**

22.     Mr. Etienne informed Defendant Officers that he had completed all necessary steps related to prior payment of red light tickets such that his license was clear and in good standing. He offered to show officers documentation from the Secretary of State to this effort, but they refused, and told him that his license was suspended in their system.

**ANSWER: Defendants deny the allegations contained in this paragraph are a true and accurate depiction of Plaintiffs actions or interaction with officers and therefore deny the allegations contained herein.**

23.     Defendant Officers agreed among themselves to arrest Mr. Etienne and tow his car regardless of the actual status of his license, as evidenced by their cooperation and coordination in his arrest an joint failure to review the clarifying Secretary of State documentation.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

24.     Mr. Etienne was taken to a police station, where he sat for nearly three hours until Defendant Rodriguez decided to examine his documentation.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

25.     Once Defendant Rodriguez realized that Mr. Etienne's license and other documentation was valid, instead of correcting his unreasonable earlier action, he simply told Mr. Etienne that he would "not show up to court."

**ANSWER: Defendants City and Officer Rodriguez deny the allegations contained in this paragraph. Upon information and belief, Defendant Murzanski denies the allegations contained in this paragraph.**

26.     Defendant Rodriquez told Mr. Etienne that he "had to arrest him," because otherwise his supervisor would question why the encounter took so long.

**ANSWER: Defendants City and Officer Rodriguez deny the allegations contained in this paragraph. Upon information and belief, Defendant Murzanski denies the allegations contained in this paragraph.**

27.     Multiple officers apologized to Mr. Etienne at the police station, but Defendant Rodriquez was unrepentant.

**ANSWER: Defendants lack knowledge as to the truth or falsity as to the allegation that multiple officer "apologized" to Plaintiff. Defendants deny the remaining allegations contained herein.**

28.     Mr. Etienne was forced to pay a $125.00 bond prior to his release from the police station and was unable to retrieve his vehicle until February 25, 2020, approximately three days after the incident.

**ANSWER: Defendants deny the allegations contained in this paragraph are a true and accurate depiction of the events as they occurred and therefore deny the allegations contained herein.**

29.     The ticket for Driving on a Suspended License was dismissed on February 25, 2020 with a finding of "No Probable Cause."

**ANSWER: Defendants lack knowledge as to the truth or falsity of the allegations contained in this paragraph.**

30.     Months earlier, Mr. Etienne had been stopped by a Highland Park police officer, who reviewed the Secretary of State documentation, as Defendant Officers refused to do on February 21, 2020, and concluded that his license was not in fact suspended.

**ANSWER: Defendants lack knowledge as to the truth or falsity of the allegations contained in this paragraph.**

31.     The prior stop evinces that a reasonable officer knew or should have known that arrest for a non-operative license suspension was unreasonable.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

32.     Defendant Officers knew or should have known that there was no probable cause to arrest Plaintiff and seize his vehicle, but they did so anyway, in violation of Mr. Etienne's civil rights.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

33.     Mr. Etienne was forced to miss work as a result of the Defendant's actions, losing wages, and similarly had to pay to retrieve the vehicle from the tow yard.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

34.     As a direct and proximate cause of the acts and omissions of Defendant Officers, Mr. Etienne suffered damages including but not limited to loss of liberty, emotional distress, lost wages, humiliation, and loss of property.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

**COUNT I: 42 U.S.C §1983 – FALSE ARREST**
**Against Defendant Officers**
**(Federal Claim)**

35.     Plaintiff realleges paragraphs 1-34 as though fully set forth herein.
**ANSWER: Defendants assert and reaffirm paragraphs one through thirty-four as though fully set forth herein.**

36.     The actions of the Defendant Officers described above, whereby they arrested Plaintiff without probable cause, violated his Fourth Amendment right to be free from unlawful seizure.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

37.     Defendant Officers did not have reasonable suspicion or probable cause to believe that Plaintiff had committed the offense of driving on a suspended license.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

38.     In fact, Defendant Officer Rodriquez, fully aware that Mr. Etienne was innocent of the offense of riving on a suspended license, told him that he "had to" baselessly arrest and charge him to avoid scrutiny from his supervisor.

**ANSWER: Defendant City and Rodriguez deny the allegations contained in this paragraph. Upon information and belief Defendant Murzanski denies the allegations contained in this paragraph.**

39.     The actions of the Defendant Officers were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Mr. Etienne's rights.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

40.     As a result of this false arrest, Mr. Etienne's suffered injury, including but not limited to loss of liberty, emotional distress, humiliation, lost wages, and loss of property.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

## COUNT II: 42 U.S.C. §1983 – WRONGFUL SEIZURE OF PROPERTY
### Against Defendant Officers
### (Federal Claim)

41.     Plaintiff realleges paragraphs 1-34 as though fully set forth herein.

**ANSWER: Defendants assert and reaffirm paragraphs one through thirty-four as though fully set forth herein.**

42.     The actions of Defendant Officers described above, whereby they seized Mr. Etienne's vehicle without probable cause, violated his Fourth Amendment right to be free from unreasonable searches and seizures.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

43.     Defendant Officers did not have reasonable suspicion or probable cause to believe that Mr. Etienne had committed, was committing, or was about to commit any offense for which impoundment of vehicle was lawful.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

44.     Defendants' refusal to examine paperwork illustrating that Mr. Etienne's license was not suspended was objectively unreasonable and a failure to investigate as required by law.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

45.     The actions of the Defendant Officers were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Mr. Etienne's rights.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

46.     As a result of this illegal seizure, Mr. Etienne suffered numerous injuries, including but not limited to financial loss, emotional distress, humiliation, anguish, and loss of property.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

## COUNT III: 42 U.S.C. 1983 and 1985 – CIVIL CONSPIRACY
### Against Defendant Officers
### (Federal Claim)

47.     Plaintiff realleges paragraphs 1-34 as though fully set forth herein.

**ANSWER: Defendants assert and reaffirm paragraphs one through thirty-four as though fully set forth herein.**

8

48.     Defendant Officers expressly or impliedly formed an agreement to unlawfully arrest Mr. Etienne and seize his vehicle, in violation of his constitutional rights, on February 21, 2020.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

49.     In furtherance of this conspiracy, Defendant took the overt acts of preparing paperwork, transporting Mr. Etienne to the police station in handcuffs, refusing to examine his driving documentation from the Secretary of State, and impounding his vehicle.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

50.     Defendants' expressly or impliedly agreed-upon arrest and impoundment constitute a violation of Mr. Etienne's Fourth Amendment rights.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

51.     The misconduct described in this Count was objectively unreasonable and was undertaken willfully and wantonly with reckless disregard for the rights and safety of Mr. Etienne.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

52.     As a result of this conspiracy to deprive Mr. Etienne of his constitutional rights, Mr. Etienne suffered numerous injuries, including but not limited to financial loss, emotional distress, humiliation, anguish, and loss of property.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

**COUNT IV: 745 ILCS 10/9-102-INDEMNIFICATION**
**Against Defendant City of Chicago**
**(State Law Claim)**

**Count IV, indemnification is not directed at Defendants Rodriguez or Murzanski and as such they are not required to make an answer. To the extent that an answer is required, they incorporate their answers to the preceding paragraphs, and deny any allegations of wrongdoing contained herein.**

53.     Plaintiff realleges paragraphs 1-34 as though fully set forth herein.

**ANSWER: Defendant City reasserts its answers contained in foregoing paragraphs and incorporates their answers herein, as though fully stated.**

54.     Defendant City of Chicago is the employed of Defendant Officers.

**ANSWER: Defendant City admits the allegations contained in this paragraph.**

55.     Defendant Officers committed the acts described above while acting under color of state law, while on duty, and within the scope of their employment at the City of Chicago.

**ANSWER: Defendant City admits that Defendant Officers were acting under color of law, while on duty, and within the scope of their employment at all times relevant to this Complaint but denies that Defendant Officers committed the acts as described by Plaintiff.**

56.     In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

**ANSWER: Defendant City denies that this paragraph contains a full and accurate recitation of the law.**

57.     As a proximate cause of the Defendant Officers' unlawful acts, which occurred within the scope of their employment activities, Mr. Etienne suffered injuries.

**ANSWER: Defendant City denies the allegations contained in this paragraph.**

## JURY DEMAND

Defendants demand a trial by jury on all issues so triable.

## <u>AFFIRMATIVE DEFENSES</u>

1.     Defendant Officers are entitled to qualified immunity. Defendant Officers are government officials who perform discretionary functions. At the time of the incident referenced in Plaintiff's Complaint, Defendant Officers were members of the Chicago Police Department who were executing and enforcing the law. At all times relevant to Plaintiff's Complaint, reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Officers could have believed their actions to be lawful, in light of clearly established law and the information the officers possessed at the time.

2.     To the extent Plaintiff failed to mitigate any of his claimed damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his damages, commensurate with the degree of failure to mitigate attributed to Plaintiff.

3.     Defendant City is not required to pay punitive or exemplary damages in any action brought directly or indirectly against an employee by the injured party or a third party. 745 ILCS 10/2-102.

4.     Defendant City is not liable to Plaintiff for any federal claim for which its employees or agents are not liable to Plaintiff. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

5.     To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202.

6.     Indemnification is not a cause of action, but a theory of recovery. The indemnification provision does not create direct liability on the part of the City or its employees, but creates liability on the City to indemnify after a judgment has been recovered against an employee. See *Arnolt v. City of Highland Park*, 52 Ill. 2d 27 (1972); *Glover v. City of Chicago*, 106 Ill. App. 3d 1066, 107 (1982).

**Dated: May 5, 2022**

                                        Respectfully submitted,

                                        Celia Meza
                                        Corporation Counsel for the City of Chicago

                                        BY:    */s/ Danielle Alvarez Clayton*
                                        Assistant Corporation Counsel III

Jessica Griff, Assistant Corporation Counsel Supervisor
2 N LaSalle Street Suite 420
Chicago, IL 60602
(312) 744-5890
Danielle.Clayton@cityofchicago.org
*Attorneys for Defendants City of Chicago, Officer Rodriguez, and Officer Murzanski*

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2022, I served the foregoing document upon all counsel of record by filing a copy with the Clerk of the Northern District of Illinois using the Court's electronic filing system.

*/s/ Danielle Alvarez Clayton*
Assistant Corporation Counsel III
